IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LUIS BENJAMIN LOPEZ,
    Plaintiff,
v.

THE STATE OF TEXAS, et al.,
    Defendants.

No. 3:22-cv-02380-X (BT)

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Court opened this civil action upon severing Luis Benjamin Lopez's civil rights claims from a habeas action Lopez filed under 28 U.S.C. § 2254. *See Lopez v. The State of Texas, et al.*, Case No. 3:22-cv-00883-X-BT. On October 24, 2022, the Court issued a Consent Form (ECF No. 3) and Notice and Instructions to a *Pro Se* Party (ECF No. 2). Two days later, the Court entered an Order and Notice of Deficiency (NOD) (ECF No. 8) directing Lopez to file a complaint in compliance with Federal Rule of Civil Procedure 8(a), pay the filing fee or file a motion for leave to proceed *in forma pauperis*, and file his pleadings on the court-approved form. Thereafter, on December 12, the NOD was returned to the Court as "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." (ECF No. 10.) The next day, the Court sent the NOD to Lopez at an updated address in White Settlement, Texas. *Id*. Then, on January 9, 2023, the NOD was again returned to the Court as "RETURN TO

1

SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." (ECF No. 11.) Lopez has failed to provide the Court with a current address. Therefore, this case should be dismissed without prejudice under Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Lopez has failed to keep the Court apprised of his current address. This case was opened on October 24, 2022, and that same day, the Court mailed Lopez Instructions, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 2 at 1.) Lopez has failed to provide the Court with a current address. Without an address, the Court is unable to communicate with Lopez about his case.

By failing to provide the Court with a current address, Lopez has failed to comply with a court order and failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Lopez's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed January 11, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.